IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ETHAN M. D.,[1]

    Plaintiff,

v.                                                                               1:24-cv-00814-JMR

FRANK BISIGNANO,[2] Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Ethan M.D.'s Motion to Reverse and Remand for Rehearing, with Supporting Memorandum (Doc. 16), which was fully briefed on April 2, 2025. *See* Docs. 19–21. The parties consented to my entering final judgment in this case. Doc. 6, 8, 9. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the ALJ erred by failing to properly assess the opinion of podiatrist Dr. David Sotelo. I therefore GRANT Plaintiff's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses only the plaintiff's first name and middle and last initials. In so doing, the Court balances the plaintiff's privacy interest in his personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

[2] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

I.     **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the administrative law judge's ("ALJ's") decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[4] Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1.

### III.  Background and Procedural History

Plaintiff was born in 1969.  AR 348.[5]  Plaintiff completed two years of college and worked as a "cannabis chef" making edible cannabis products for several years.  AR 438.  Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 18, 2020[6]—alleging disability since January 1, 2015 due to chronic pain in both feet due to surgery, "post[-]surgery late [e]ffects," and a spinal fusion in 2002.  AR 348–60, 437.  The Social Security Administration ("SSA") denied his claims initially on March 23, 2021.  AR 139–47.  The SSA denied his claims on reconsideration on February 10, 2022.  AR 157–58, 163–66.  Plaintiff requested a hearing before an ALJ.  AR 172.  On December 7, 2023, ALJ Amy Benton held a hearing.  AR 42–82.  At the hearing, Plaintiff admitted that he engaged in substantial gainful activity through 2023 and amended his alleged onset date to June 28, 2023.  AR 47.  ALJ Benton issued her unfavorable decision on December 26, 2023.  AR 17–32.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2027.  AR 20.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 28, 2023, his amended alleged onset date.  *Id*.  At step two, the ALJ found that Plaintiff had the following severe impairments:  degenerative disc disease of the cervical and lumbar spine, residual effects of a left humerus fracture, osteoporosis, and neuropathy.  *Id.*  The ALJ further found that Plaintiff had numerous nonsevere

---

[5] Documents 10-1 through 10-10 comprise the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[6] Plaintiff's application for DIB indicates that the SSA first talked to plaintiff on September 18, 2020.  AR 354.

impairments—including gastroesophageal reflux disease, liver fibrosis, hyperlipidemia, hemochromatosis, insomnia, vision problems, hearing problems, gout, and anxiety. AR 20–21.

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 23–24. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 24–29. The ALJ found Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently lift and carry ten pounds and occasionally lift and carry twenty pounds. The claimant cannot climb ladders, or scaffolds. The claimant can have occasional exposure to hazards such as unprotected heights or moving mechanical parts and to industrial vibration. The claimant can occasionally reach overhead with both upper extremities.

AR 24.

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a cook, caterer, or culinary arts teacher. AR 29–30. The ALJ found Plaintiff not disabled at step five because there are jobs that exist in significant numbers in the national economy that he could perform—including working as a marker, a routing clerk, and a ticket seller. AR 30–31. Plaintiff requested review by the Appeals Council. AR 345–46. On June 17, 2024 the Appeals Council denied the request for review. AR 1–6. Plaintiff timely filed his appeal to this Court on August 14, 2024.[7]  Doc. 1.

IV.  **Plaintiff's Claims**

Plaintiff raises seven arguments for reversing and remanding this case: (1) the ALJ failed to properly assess the limitations from his back and lower extremity pain, including his need for an assistive device to ambulate; (2) the ALJ erred in finding his depression and anxiety to be

---

[7] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. §§ 404.981, 416.1481; *see also* AR 2.

5

nonsevere at step two and failed to properly assess these impairments in assessing his RFC; (3) the ALJ failed to properly assess the opinions of audiologist Erin Grimmitt; (4) the ALJ failed to properly assess the opinions of psychological consultative examiner Shari Spies; (5) the ALJ failed to properly assess the opinions of podiatrist Dr. David Sotelo; (6) the ALJ failed to properly assess Plaintiff's subjective symptoms and limitations; and (7) the ALJ's step five findings are tainted by errors in assessing Plaintiff's RFC.  *See* Doc. 16 at 4–25.  The Court remands based on Plaintiff's fifth argument—that is, because the ALJ failed to properly assess the opinions of Plaintiff's podiatrist, Dr. David Sotelo.  The Court does not address the other arguments, as they "may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**V.     Analysis**

Plaintiff argues that the ALJ failed to properly assess the opinions of his podiatrist, Dr. Sotelo.  Doc. 16 at 19–21.  As grounds for his argument, Plaintiff submits that Dr. Sotelo's opinions are internally supported and consistent with the record.  *Id.* at 22.  In coming to the opposite conclusion, Plaintiff claims that the ALJ failed to consider "consistent, longitudinal evidence of [Plaintiff's] low extremity pain and limitations."  *Id*. at 19.  In addition, Plaintiff asserts that the evidence the ALJ cited does not contradict Dr. Sotelo's opinions.  *Id*. at 20–23.  In his response, the Commissioner argues that the ALJ "complied with the agency's articulation requirements in explaining why she found Dr. Sotelo's letter unpersuasive, and [that] Plaintiff is asking the Court to improperly reweigh the evidence and reach a different conclusion than the ALJ."  Doc. 19 at 18.  For the reasons explained below, the Court agrees with Plaintiff.

The rules pertaining to medical opinions require the SSA to evaluate and articulate the persuasiveness of the medical opinions in the case record. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). In evaluating the persuasiveness of medical opinions, the SSA considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that support or contradict a medical opinion or finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). An ALJ is always required to explain how he or she considered the first two factors: "[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ is only required to explain how he or she considered the other three factors if differing medical opinions are equally well-supported and consistent with the record. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

As the Tenth Circuit has explained,

> "[s]upportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions will be." [20 C.F.R.] § 404.1520c(c)(1); *id.* § 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion to the evidence: "The more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) will be." *Id.* § 404.1520c(c)(2); *id.* § 416.920c(c)(2).

*Zhu v. Comm'r, SSA*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. Jul. 6, 2021) (brackets and ellipses omitted).

While the revised regulations allow the ALJ some discretion in *how* he articulates his findings on the persuasive value of medical opinion evidence, it provides no leeway as to *whether* he articulates such findings. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (providing that the ALJ "will articulate" how persuasive he . . . finds "all of the medical opinions" in the

7

case record).  In addition, "all [of] the ALJ's required findings must be supported by substantial evidence, and he must consider all relevant medical evidence in making those findings." *Grogan*, 399 F.3d at 1262 (citations and quotation marks omitted).  An ALJ's persuasiveness finding "is not based on substantial evidence if it is overwhelmed by other evidence in the record[,]" *Langley*, 373 F.3d at 1118 (quotation omitted), or if it "constitutes mere conclusion[,]" *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (citation omitted).  The ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen*, 436 F.3d at 1165 (quotation omitted).

Bare conclusions regarding the persuasiveness of a medical opinion are insufficient:

> An ALJ must, at the very least, provide an explanation that allows the reviewing court to follow his reasoning and communicates how he considered the factors of consistency and supportability for each medical source's opinions.  [20 C.F.R.] § 404.1520c.  Although the regulation does not prescribe the depth with which an ALJ must discuss the factors of supportability and consistency, the explanation must at least eschew rote analysis and conclusory explanations and discuss the crucial factors in any determination with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence . . . .

*Zambrano v. Kijakazi*, No. 20cv1356 KRS, 2022 WL 1746765, at *5 (D.N.M. May 31, 2022) (cleaned up).

In an undated letter, Plaintiff's long-time treating podiatrist Dr. David Sotelo opined as follows:

> Ethan is a patient I have been treating for many years for a multitude of lower extremity problems.  He suffers from gout of the feet, painful sensory neuropathy of the lower extremities, balance problems, back problems affecting the function of his legs and feet, and a fused great toe joint which alters his gait pattern.  He also suffers from benign painful tumors of his plantar foot surfaces. All of these conditions make it extremely difficult for him to walk or stand for even short distances or brief periods of time.  I expect that these conditions will continue indefinitely.

AR 2818.

> The ALJ assessed the persuasiveness of Dr. Sotelo's opinion as follows:
>
> David Sotelo, DPM, the claimant's podiatrist, stated that the claimant has problems standing and walking for long periods or distances (Exhibit 31F). Dr. Sotelo does cite to a history of neuropathy, balance problems, and back pain among other conditions in support of this opinion but does not quantify what constitutes a short distance or brief period (Exhibit 31F/ 1). Dr. Sotelo's notes from September 2023 describe an antalgic gait and some pain, but with normal strength and improved ambulation after debridement, and thus provide only partial support to this opinion (Exhibit 29F/7). Likewise, the evidence does indicate a limping gait in October 2023, which is consistent with limitations in prolonged walking (Exhibit 19F/16), but physical therapy notes indicate improving strength, balance, and ability to walk with treatment inconsistent with this level of limitation on a long-term basis (Exhibit 30F/ 2). Because this opinion is partially supported and partially consistent with the evidence but is unquantified and vague, the undersigned does not find it persuasive. The undersigned has nonetheless considered mobility limitations in finding the claimant has limited ability to work around hazards.

AR 28.

The ALJ's assessment of the persuasiveness of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence. First, the ALJ improperly discounted Dr. Sotelo's opinion on the basis of it being unquantified and vague. Second, the ALJ's analysis of the supportability of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence. Third, the ALJ's analysis of the consistency of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence.

### A. The ALJ improperly discounted Dr. Sotelo's opinion on the basis of it being "unquantified and vague."

Dr. Sotelo's opinion, contrary to the ALJ's assertion, is not properly discounted on the basis that it is "unquantified and vague." Part of the ALJ's bafflement with Dr. Sotelo's opinion likely stems from the ALJ's misstatement of the limitations contained therein. The ALJ claims that Dr. Sotelo opined that Plaintiff "has problems standing and walking <u>for long</u> periods or

9

distances" (emphasis added).  AR 28.  In reality, Dr. Sotelo opined that Plaintiff's conditions "make it extremely difficult for him to walk or stand <u>for even short</u> distances <u>or brief periods</u> of time" (emphasis added).  AR 2818.  This difference matters because the inability to "walk or stand for even short distances or brief periods of time" clearly would preclude Plaintiff from doing the light work the ALJ found him capable of performing.  This is because light work under the SSA's own regulations "requires <u>a good deal</u> of walking or standing."[8]  20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added).  The ALJ appears to discount Dr. Sotelo's opinion, in part, because the opinion "does not quantify what constitutes a short distance or brief period."  AR 28.  The Court finds the ALJ's bafflement with the possible meaning of Dr. Sotelo's opinion somewhat disingenuous.  A plain reading of Dr. Sotelo's opinion indicates that the limitations set forth in his opinion are inconsistent with light work.  While there is likely more precise language that Dr. Sotelo could have used, that does not give the ALJ license to discount his opinion out of hand.  The Court finds this particularly true when the SSA itself uses imprecise terms like "a good deal" to describe how much walking and standing a job requires.

### B. The ALJ's analysis of the supportability of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence.

The ALJ's analysis of the supportability of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence.  To properly analyze supportability, the ALJ must examine how "closely connected" Dr. Sotelo's opinion is to the evidence and to his explanations:  "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical

---

[8] In its interpretation of the regulations, the SSA further states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  SSR 83-10 (S.S.A. 1983), 1983 WL 31251, at *6.

opinions will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  In addition, the ALJ must "provide an explanation that allows the reviewing court to follow his reasoning" and must "eschew rote analysis and conclusory explanations." *Zambrano*, 2022 WL 1746765, at *5.

      The ALJ here did not provide an explanation that allows this Court to follow her reasoning, instead providing only "conclusory explanations" with no real discussion or analysis. The ALJ cites portions of a single treatment note in finding Dr. Sotelo's opinion only partially supported:  "Dr. Sotelo's notes from September 2023 describe an antalgic gait and some pain, but with normal strength and improved ambulation after debridement, and thus provide only partial support to this opinion." AR 28 (citing AR 2746).  But the ALJ offers no explanation as to how Dr. Sotelo's findings of normal strength and improved ambulation after debridement render Dr. Sotelo's opinions about Plaintiff's walking and standing limitations unsupported. First, the ALJ offers no explanation of how Dr. Sotelo's finding of "normal strength" renders his opinion unsupported.  And the Court sees no obvious reason how this renders Dr. Sotelo's opinion unsupported.  Second, it is unclear to the Court how Dr. Sotelo's notation of improved ambulation after debridement detracts from the supportability of his opinion.  The September 2023 treatment note says nothing about the degree of improvement in Plaintiff's ambulation.  In addition, Dr. Sotelo's treatment notes demonstrate that he repeatedly debrided Plaintiff's feet, and that pain relief and improved ambulation from these procedures were both incomplete and temporary. *See, e.g.,* AR 2742–68 (documenting Plaintiff's recurrent pain and repeated debridement procedures with Dr. Sotelo in 2023); AR 2742 (noting on October 11, 2023 that "pain has been present for 1 year").

      The continuing nature of Plaintiff's foot pain, and the incomplete and temporary improvements in ambulation from debridement can clearly be seen by examining the September

11

2023 treatment visit and the October 2023 visit. On September 11, 2023 Plaintiff saw Dr. Sotelo for follow up to pain in his left foot. AR 2745. The pain had been present for about a year, and he reported it as "sharp, aching, [and] burning," and as a six out of ten on the pain scale. *Id.* Dr. Sotelo found Plaintiff had decreased sharp/dull sensation in both the left and right extremities. AR 2745–46. Dr. Sotelo also noted stable foot posture and strength in both feet. AR 2746. In assessing Plaintiff's gait and station, Dr. Sotelo found Plaintiff to be antalgic in both the left and right extremities, with pain on palpation, and mild pain in his left arch fibroma. AR 2745. Dr. Sotelo diagnosed Plaintiff with left foot metatarsalgia, gout in good control, "neuropathy, painful, causing antalgic gait with IPK,"[9] left arch fibroma painful, and hallux limitus. *Id.* Dr. Sotelo performed manual and mechanical debridement of Plaintiff's toenails, and sharp debridement of the bottom of Plaintiff's foot using a #15 blade. *Id.* Plaintiff did note some relief of pain once debridement was complete as well as "improved ambulation." *Id.*

But Plaintiff's pain relief and "improved ambulation" were only temporary. Plaintiff returned to see Dr. Sotelo on October 11, 2023, one month later, again reporting his pain was six out of ten on the pain scale. AR 2742. Dr. Sotelo found a hyperkeratotic lesion under Plaintiff's left second metatarsal head and a 1.0-centimeter fibroma in the left arch, which was painful. *Id.* Dr. Sotelo again noted decreased sharp/dull sensation in both the left and right extremities and stable foot posture and strength in both feet. AR 2743. In assessing Plaintiff's gait and station, Dr. Sotelo found Plaintiff to be antalgic in both the left and right extremities, with pain on palpation to the "metatarsal heads plantarly [on the] left foot." *Id.* Dr. Sotelo again listed

---

[9] "Intractable plantar keratosis (IPK) is a focused, painful lesion that commonly takes the form of a discrete, focused callus, usually about 1 cm, on the plantar aspect of the forefoot. The pain associated with IPK can limit ambulation and also cause compensatory changes in gait." Vinod K Panchbhavi, Intractable Plantar Keratosis, MedScape (Sept. 29, 2022). https://perma.cc/S26B-BNTD

Plaintiff's diagnoses as left foot metatarsalgia, gout in good control, "neuropathy, painful, causing antalgic gait with IPK," left arch fibroma painful, and hallux limitus. *Id.* Dr. Sotelo used a #15 blade and a dremel to debride the bottom of Plaintiff's foot "down to health[y] appearing tissue," after which Plaintiff reported some pain relief and improved ambulation. *Id.* Thus, the September 2023 and October 2023 treatment notes illustrate Plaintiff's ongoing foot pain and difficulties with ambulation. *See also* AR 2742–68 (documenting Plaintiff's recurrent pain and repeated debridement procedures with Dr. Sotelo in 2023). The ALJ's conclusory citation to "improved ambulation after debridement" does not detract from the supportability of Dr. Sotelo's opinion that it is "extremely difficult" for Plaintiff "to walk or stand for even short distances or brief periods of time." Improvement must be evaluated in context. By failing to provide any explanation, the ALJ did not provide any context. In the Court's own evaluation of the context, the Court finds nothing that obviously undermines the supportability of Dr. Sotelo's opinion.

The ALJ offers no explanation as to how Dr. Sotelo's findings of normal strength and improved ambulation after debridement render Dr. Sotelo's opinions about Plaintiff's walking and standing limitations unsupported. And, after a close review of Dr. Sotelo's treatment records, the Court sees no obvious way that these findings undermine Dr. Sotelo's opinions. Because the Court cannot follow the ALJ's reasoning, the ALJ's analysis of the supportability of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence and remand is required.

  **C. The ALJ's analysis of the consistency of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence.**

The ALJ's analysis of the consistency of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence. To properly analyze consistency, the ALJ must compare

13

Dr. Sotelo's opinion to the evidence. *See Zhu*, 2021 WL 2794533, at *6. "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ mischaracterizes the single physical therapy note she cites to show that Dr. Sotelo's opinion is inconsistent. Nothing in the cited note is inconsistent with Dr. Sotelo's opinion. In finding Dr. Sotelo's opinion only "partially consistent," the ALJ cites a November 3, 2023 physical therapy note and claims that it "indicate[s] improving strength, balance, and ability to walk with treatment inconsistent with this level of limitation on a long-term basis." AR 28 (citing AR 2807). Contrary to the ALJ's assertion, however, the physical therapist did not find that Plaintiff had "improving strength, balance, and ability to walk." *See* AR 2807. Instead, the physical therapist indicated only that she would continue to work on Plaintiff's "functional strength to improve balance and gait to reduce risk of falls and improve functional mobility." *Id*. The note contains no objective findings about Plaintiff's abilities to walk or to stand[10] and is silent as to how far or long Plaintiff can walk, how long he can stand, or any prognosis for the future. Thus, nothing in the physical therapy note is inconsistent with Dr. Sotelo's opinions on

---

[10] The treatment note does contain a subjective report from Plaintiff that "the leg exercises have been good and he feels like his walking is better." AR 2807. His baseline level of walking when he began physical therapy, however, was quite impaired. Plaintiff was referred to physical therapy after falling in June of 2023 and fracturing his left humerus. AR 2815. Plaintiff had tripped while cleaning his kitchen, and fallen on some boxes. AR 2258. On August 7, 2023, his primary care doctor noted "decreased mobility" that was "acute on chronic, and worsening." AR 2340. His doctor further noted that Plaintiff had "multiple falls recently," "increasing difficulty with mobility" and was "at high risk for recurrent fall." *Id.* Plaintiff's subjective report of "better" walking, thus, provides no reliable measure of his actual abilities to walk, it merely shows some unknown level of improvement.

these functions.

The ALJ's analysis of the consistency of Dr. Sotelo's opinion is legally insufficient and unsupported by substantial evidence and remand is required.

## VI.     Conclusion

The ALJ erred by failing to properly assess the opinion of Dr. Sotelo.  The Court remands so that the ALJ can remedy this error.  The Court does not address Plaintiff's other claims of error as they "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse and Remand for Rehearing (Doc. 16), is GRANTED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

15